```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED
```

JUL 23 2019

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Magistrate Judge John L. Weinberg

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDSON AGUILAR-GONGORA,

Defendant.

NO. MJ19-336

COMPLAINT for VIOLATION
U.S.C. Title 8 Section 1326(a)
(Illegal Reentry After Deportation)

(Felony)

BEFORE Magistrate Judge, John L. Weinberg,
United States Courthouse, 700 Stewart Street, Seattle, Washington.

## COUNT I

On or about June 28, 2019, at Everett, within the Western District of Washington, EDSON AGUILAR-GONGORA, an alien, a native and citizen of Colombia, who was previously arrested and removed from the United States on December 27, 2010, at Houston, Texas, was found after knowingly and voluntarily reentering the United States without the express consent of the Secretary of the Department of Homeland Security.

All in violation of Title 8, United States Code, Section 1326(a).

The undersigned complainant being duly sworn states:

1. I, Adam Becker, am a Special Agent employed by the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE) Homeland

UNITED STATES v. EDSON AGUILAR-GONGORA - 1
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Security Investigations (HSI). I am assigned to the HSI Seattle field office located in Seattle, Washington. I have been employed as a Special Agent with ICE since July, 2007. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the ICE Special Agent Training Program. My duties as a Special Agent include investigating administrative and criminal violations of the Immigration and Nationality Act, United States customs laws, and other federal criminal violations, including violations of federal law involving immigration fraud, document fraud, drug smuggling and money laundering.

2. The following information is based on my investigation, the investigation of other officers of HSI, the records of: (1) the United States Citizenship and Immigration Services (hereinafter CIS); (2) the Harris County Texas 179th District Court and (3) the Federal Bureau of Investigation Criminal Justice Information Services Division.

3. My investigation has revealed that CIS maintains an alien registration administrative file, commonly referred to as an A-file, on EDSON AGUILAR-GONGORA, hereinafter "Defendant." A-file 200-724-972 is the official Immigration file maintained by CIS, and is a consolidated repository of all known Immigration contacts with Defendant. The A-file of Defendant contains documents showing that he is a native and citizen of Colombia.

4. The A-file of the defendant contains the conviction document for the following:

    a. 179th District Court for Harris County Texas for Possession of Cocaine Weighing Less than One Gram a Felony in case number 1280207 sentenced to 30 days.

5. On October 15, 2010, Defendant was issued a Notice to Appear (NTA) by Immigration officials at Houston, Texas. The NTA charged Defendant with being a Colombian citizen who entered the United States without inspection in violation of the Immigration and Naturalization Act and who was convicted of the controlled substance

UNITED STATES v. EDSON AGUILAR-GONGORA - 2
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

offense noted in paragraph 3 above. On December 13, 2010, Defendant appeared in a deportation hearing before Immigration Judge (IJ) Howard Rose in Livingston, Texas. Based upon the admission Defendant made to the charge in the NTA, IJ Rose ordered Defendant deported to Colombia. The NTA and Order of IJ Rose are contained in Defendant's A-file.

6. Within the A-file of the defendant, there is an executed I-205, Warrant of Removal/Deportation document. This document reflects Defendant was deported to Colombia on December 27, 2010, at Houston, Texas.

The I-205 has the fingerprint, photograph, and signature of Defendant. Physical proof of Defendant's departure from the United States to Colombia was witnessed by an immigration officer.

7. Defendant came to the attention of HSI agents on June 28, 2019, when he was in custody at the Snohomish County Jail for Trespassing and Resisting Arrest. HSI agents encountered Defendant outside the Snohomish County Jail when he was released on June 28, 2019. Defendant acknowledged to the HSI agents that he was an alien who had previously been deported from the United States. He was taken into custody by HSI agents for administrative processing for deportation.

8. Defendant was taken to the HSI office in Seattle, Washington. On June 28, 2019, HSI agents fingerprinted Defendant. On June 28, 2019, Defendant's fingerprints were electronically submitted to the FBI via the Next Generation Identification (NGI) system. The fingerprint search was done as a Search transaction, which is a request to an FBI fingerprint examiner to confirm a potential match between the defendant and other NGI individuals maintained in the FBI's Criminal Master File.

On June 28, 2019, the FBI confirmed the Defendant's fingerprints as submitted fingerprints were a match with FBI number 991192JD7. This is the same FBI number associated with Defendant's Immigration file, A200 724 972 and the conviction noted in paragraph 3 above.

UNITED STATES v. EDSON AGUILAR-GONGORA - 3
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. On July 11, 2019, HSI agents advised Defendant of his *Miranda* rights via a standard HSI Statement of rights form. HSI agents had the *Miranda* rights translated to Spanish through the use of a Spanish speaking FBI agent. Defendant declined to sign the advisement form and did not waive his *Miranda* rights.

On June 28, 2019, the Defendant was notified of his consular rights pursuant to 8 C.F.R. 236.1(e). He was served with a list of free legal services. Defendant declined consular notification and signed the Notice to Arrested or Detained Foreign Nationals Notification and Access form.

10. I have conducted a complete and thorough review of Defendant's Immigration A-file A200 724 972 which contains no evidence that he has ever applied for or received permission to reenter the United States after deportation.

11. Based on the foregoing, I have probable cause to believe that EDSON AGUILAR-GONGORA has reentered the United States knowingly and voluntarily without the express consent of the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

_____
Adam Becker, Complainant
ICE/Homeland Security Investigations

Reviewed by AUSA Don Reno _____.

Based on the Complaint sworn to before me, and subscribed in my presence this July 23, 2019, the Court hereby finds that there is probable cause to believe Defendant committed the offense set forth in the Complaint.

_____
John L. Weinberg
United States Magistrate Judge

UNITED STATES v. EDSON AGUILAR-GONGORA - 4
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970